IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

KIMBERLY STARLING, Individually
and on behalf of all others similarly
situated,
    *Plaintiff*

v.

HOMEOVER GENERAL
CONTRACTORS, LLC

AND

"STORM LEADS INNOVATION",
    *Defendants*

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Case No. 4:25-CV-993

## DEFENDANT HOMEOVER GENERAL CONRACTORS, LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant HomeOver General Contractors, LLC (hereafter, "Defendant"), by its undersigned counsel, hereby submits its Answer to the Class Action Complaint ("Complaint") filed by Plaintiff Kimberly Starling ("Plaintiff") in this case.  Except as expressly admitted herein, Defendant denies all allegations contained in Plaintiff's Complaint.

1.    Answering Paragraph 1 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and, on that basis, denies them.  Defendant further avers that the contents of Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227) ("TCPA"), are self-explanatory, so the allegations contained in this Paragraph do not require a response from Defendant.  Except as herein admitted, Defendant denies the allegations contained in this Paragraph.

2.    Answering Paragraph 2 of the Complaint, Defendant avers that the contents of *Krakauer v. Dish Network, LLC,* 925 F.3d 643, 649-50 (4th Cir. 2019) are self-explanatory, so the allegations contained in this Paragraph do not require a response from Defendant.  To the extent a response is required, Defendant admits that this Paragraph contains a quote from *Krakauer v. Dish Network, LLC,* 925 F.3d 643, 649-50 (4th Cir. 2019).  Except as herein admitted, Defendant denies the allegations contained in this Paragraph.

3.    Answering Paragraph 3 of the Complaint, Defendant admits Plaintiff purports to allege violations of the TCPA.  Except as admitted herein, Defendant denies the allegations contained in this Paragraph.

### PARTIES[1]

4.    Answering Paragraph 4 of the Complaint, Defendant admits the allegations contained in this Paragraph.

5.    Answering Paragraph 5 of the Complaint, Defendant admits that it is headquartered in Carrollton, Texas and that it provides roof repair and installation services.  Except as admitted herein, Defendant denies the allegations contained in this Paragraph.

---

[1]    The headings correspond to those in Plaintiff's Complaint.

6.      Answering Paragraph 6 of the Complaint, Defendant admits that Defendant Storm Leads Innovation ("Storm Leads") provided Defendant with potential leads.  Defendant lacks knowledge or information sufficient to form a belief as to the remainder of the allegations contained in this paragraph, and, on that basis, denies them.

## JURISDICTION AND VENUE

7.      Answering Paragraph 7 of the Complaint, Defendant admits Plaintiff purports to allege violations of the TCPA and that this Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331.  Except as admitted herein, Defendant denies the allegations contained in this Paragraph.

8.      Answering Paragraph 8 of the Complaint, Defendant admits Plaintiff purports to allege violations of the TCPA and that this Court has general personal jurisdiction over this case. Except as admitted herein, Defendant denies the allegations contained in this Paragraph.

9.      Answering Paragraph 9 of the Complaint, Defendant admits Plaintiff purports to allege violations of the TCPA and that venue is proper in this District.  Except as admitted herein, Defendant denies the allegations contained in this Paragraph

## BACKGROUND

A.      **The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

10.      Answering Paragraph 10 of the Complaint, Defendant avers that the contents of the TCPA and its implementing regulations are self-explanatory.  Except as herein admitted, Defendant denies the allegations contained in this Paragraph.

11.      Answering Paragraph 11 of the Complaint, Defendant avers that the contents of the TCPA and its implementing regulations are self-explanatory.  Except as herein admitted, Defendant denies the allegations contained in this Paragraph.

12.      Answering Paragraph 12 of the Complaint, Defendant avers that the contents of the TCPA and its implementing regulations are self-explanatory.  Except as herein admitted, Defendant denies the allegations contained in this Paragraph.

13.      Answering Paragraph 13 of the Complaint, Defendant avers that the contents of the TCPA and its implementing regulations are self-explanatory.  Except as herein admitted, Defendant denies the allegations contained in this Paragraph.

**B.      The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.**

14.      Answering Paragraph 14 of the Complaint, Defendant avers that the contents of the TCPA and its implementing regulations are self-explanatory.  Except as herein admitted, Defendant denies the allegations contained in this Paragraph.

15.      Answering Paragraph 15 of the Complaint, Defendant avers that the contents of the TCPA and its implementing regulations are self-explanatory.  Except as herein admitted, Defendant denies the allegations contained in this Paragraph.

16.      Answering Paragraph 16 of the Complaint, Defendant avers that the contents of *Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025) are self-explanatory, so the allegations contained in this Paragraph do not require a response from Defendant.  Except as herein admitted, Defendant denies the allegations contained in this Paragraph.

**C.      The Texas Business and Commerce Code**

17.      Answering erroneously numbered Paragraph 14 of the Complaint, Defendant avers that the contents of the Texas Business and Commerce Code are self-explanatory.  Except as herein admitted, Defendant denies the allegations contained in this Paragraph.

18.      Answering erroneously numbered Paragraph 15 of the Complaint, Defendant avers that the contents of the Texas Business and Commerce Code are self-explanatory.  Except as herein admitted, Defendant denies the allegations contained in this Paragraph.

19.      Answering erroneously numbered Paragraph 16 of the Complaint, Defendant avers that the contents of the Texas Business and Commerce Code are self-explanatory.  Except as herein admitted, Defendant denies the allegations contained in this Paragraph.

20.    Answering erroneously numbered Paragraph 17 of the Complaint, Defendant denies the allegations.

## FACTUAL ALLEGATIONS

21.    Answering erroneously numbered Paragraph 17 of the Complaint, Defendant admits the allegations contained in this Paragraph.

22.    Answering erroneously numbered Paragraph 18 of the Complaint, Defendant denies the allegations.

23.    Answering erroneously numbered Paragraph 19 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and, on that basis, denies them.

24.    Answering erroneously numbered Paragraph 20 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and, on that basis, denies them.

25.    Answering erroneously numbered Paragraph 21 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and, on that basis, denies them.

26.    Answering erroneously numbered Paragraph 22 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and, on that basis, denies them.

27.    Answering erroneously numbered Paragraph 23 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and, on that basis, denies them.

28.    Answering erroneously numbered Paragraph 24 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and, on that basis, denies them.

29.    Answering erroneously numbered Paragraph 25 of the Complaint, Defendant denies the allegations.

30.     Answering erroneously numbered Paragraph 26 of the Complaint, Defendant denies the allegations.

31.     Answering erroneously numbered Paragraph 27 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and, on that basis, denies them.

32.     Answering erroneously numbered Paragraph 28 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and, on that basis, denies them.

33.     Answering erroneously numbered Paragraph 29 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and, on that basis, denies them.

34.     Answering erroneously numbered Paragraph 30 of the Complaint, Defendant denies the allegations.

35.     Answering erroneously numbered Paragraph 31 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and, on that basis, denies them.

36.     Answering erroneously numbered Paragraph 32 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and, on that basis, denies them.

37.     Answering erroneously numbered Paragraph 33 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and, on that basis, denies them.

38.     Answering erroneously numbered Paragraph 34 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and, on that basis, denies them.

39.    Answering erroneously numbered Paragraph 35 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and, on that basis, denies them.

40.    Answering erroneously numbered Paragraph 36 of the Complaint, Defendant denies the allegations.

41.    Answering erroneously numbered Paragraph 37 of the Complaint, Defendant denies the allegations.

42.    Answering erroneously numbered Paragraph 38 of the Complaint, Defendant denies the allegations.

43.    Answering erroneously numbered Paragraph 39 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and, on that basis, denies them.

44.    Answering erroneously numbered Paragraph 40 of the Complaint, Defendant denies the allegations.

45.    Answering erroneously numbered Paragraph 41 of the Complaint, Defendant denies the allegations.

46.    Answering erroneously numbered Paragraph 42 of the Complaint, Defendant admits that Storm Leads provided Defendant with potential leads.  Except as admitted herein, Defendant denies the allegations contained in this Paragraph.

47.    Answering erroneously numbered Paragraph 43 of the Complaint, Defendant denies the allegations.

48.    Answering erroneously numbered Paragraph 44 of the Complaint, Defendant admits that Storm Leads provided Defendant with potential leads.  Except as admitted herein, Defendant denies the allegations contained in this Paragraph.

49.    Answering erroneously numbered Paragraph 45 of the Complaint, Defendant denies the allegations.

50.    Answering erroneously numbered Paragraph 46 of the Complaint, Defendant denies the allegations.

51.    Answering erroneously numbered Paragraph 47 of the Complaint, Defendant denies the allegations.

52.    Answering erroneously numbered Paragraph 48 of the Complaint, Defendant denies the allegations.

53.    Answering erroneously numbered Paragraph 49 of the Complaint, Defendant avers that the contents of *In re Rules and Regulations Implementing the Telephone Consumer Protection Act*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) are self-explanatory, so the allegations contained in this Paragraph do not require a response from Defendant.  To the extent a response is required, Defendant admits that this Paragraph contains a quote from *In re Rules and Regulations Implementing the Telephone Consumer Protection Act*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995). Except as herein admitted, Defendant denies the allegations contained in this Paragraph.

54.    Answering erroneously numbered Paragraph 50 of the Complaint, Defendant avers that the contents of the Federal Communications Commission's regulations, findings and rulings interpreting the TCPA are self-explanatory, so the allegations contained in this Paragraph do not require a response from Defendant. Except as herein admitted, Defendant denies the allegations contained in this Paragraph.

55.    Answering erroneously numbered Paragraph 51 of the Complaint, Defendant avers that the contents of *In re DISH Network, LLC*, 28 FCC Rcd. 6574, 6588 ¶ 37 (2013) are self-explanatory, so the allegations contained in this Paragraph do not require a response from Defendant.  To the extent a response is required, Defendant admits that this Paragraph contains a quote from *In re DISH Network, LLC*, 28 FCC Rcd. 6574, 6588 ¶ 37 (2013). Except as herein admitted, Defendant denies the allegations contained in this Paragraph.

56.    Answering erroneously numbered Paragraph 52 of the Complaint, Defendant avers that the contents of *In re DISH Network, LLC*, 28 FCC Rcd. 6574, 6588 ¶ 37 (2013) are self-explanatory, so the allegations contained in this Paragraph do not require a response from

Defendant.  To the extent a response is required, Defendant admits that this Paragraph contains a quote from *In re DISH Network, LLC*, 28 FCC Rcd. 6574, 6588 ¶ 37 (2013). Except as herein admitted, Defendant denies the allegations contained in this Paragraph.

57. Answering erroneously numbered Paragraph 53 of the Complaint, Defendant denies the allegations.

58. Answering erroneously numbered Paragraph 54 of the Complaint, Defendant denies the allegations.

59. Answering erroneously numbered Paragraph 55 of the Complaint, Defendant denies the allegations.

60. Answering erroneously numbered Paragraph 56 of the Complaint, Defendant denies the allegations.

61. Answering erroneously numbered Paragraph 57 of the Complaint, Defendant denies the allegations.

62. Answering erroneously numbered Paragraph 58 of the Complaint, Defendant denies the allegations.

63. Answering erroneously numbered Paragraph 59 of the Complaint, Defendant denies the allegations.

64. Answering erroneously numbered Paragraph 60 of the Complaint, Defendant denies the allegations.

65. Answering erroneously numbered Paragraph 61 of the Complaint, Defendant denies the allegations.

66. Answering erroneously numbered Paragraph 62 of the Complaint, Defendant avers that the contents of *In re DISH Network, LLC*, 28 FCC Rcd. 6574, 6588 ¶ 37 (2013) are self-explanatory, so the allegations contained in this Paragraph do not require a response from Defendant.  To the extent a response is required, Defendant admits that this Paragraph contains a quote from *In re DISH Network, LLC*, 28 FCC Rcd. 6574, 6588 ¶ 37 (2013). Except as herein admitted, Defendant denies the allegations contained in this Paragraph.

67. Answering erroneously numbered Paragraph 63 of the Complaint, Defendant denies the allegations.

68. Answering erroneously numbered Paragraph 64 of the Complaint, Defendant denies the allegations.

69. Answering erroneously numbered Paragraph 65 of the Complaint, Defendant denies the allegations.

70. Answering erroneously numbered Paragraph 66 of the Complaint, Defendant denies the allegations.

71. Answering erroneously numbered Paragraph 67 of the Complaint, Defendant denies the allegations.

## CLASS ACTION ALLEGATIONS

72. Answering erroneously numbered Paragraph 68 of the Complaint, Defendant repeats and incorporates its responses in Paragraphs 1 through 71 above.

73. Answering erroneously numbered Paragraph 69 of the Complaint, Defendant denies the allegations and denies that any class may be maintained in this action consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

74. Answering erroneously numbered Paragraph 70 of the Complaint, Defendant denies the allegations and denies that any class may be maintained in this action consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

75. Answering erroneously numbered Paragraph 71 of the Complaint, Defendant denies the allegations and denies that any class may be maintained in this action consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

76. Answering erroneously numbered Paragraph 72 of the Complaint, Defendant denies the allegations and denies that any class may be maintained in this action consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

77.     Answering erroneously numbered Paragraph 73 of the Complaint, Defendant denies the allegations and denies that any class may be maintained in this action consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

78.     Answering erroneously numbered Paragraph 74 of the Complaint, Defendant denies the allegations and denies that any class may be maintained in this action consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

79.     Answering erroneously numbered Paragraph 75 of the Complaint, Defendant denies the allegations and denies that any class may be maintained in this action consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the National DNC Class)

80.     Answering erroneously numbered Paragraph 76 of the Complaint, Defendant repeats and incorporates its responses in Paragraphs 1 through 79 above.

81.     Answering erroneously numbered Paragraph 77 of the Complaint, Defendant avers that Count I has been dismissed pursuant to the Court's Order dated June 8, 2026 (ECF 12), so the allegations contained in this Paragraph do not require a response from Defendant. To the extent a response is required, Defendant avers that the contents of the TCPA and its implementing regulations are self-explanatory.  Except as herein admitted, Defendant denies the allegations contained in this Paragraph.

82.     Answering erroneously numbered Paragraph 78 of the Complaint, Defendant avers that Count I has been dismissed pursuant to the Court's Order dated June 8, 2026 (ECF 12), so the allegations contained in this Paragraph do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations.

83.     Answering erroneously numbered Paragraph 79 of the Complaint, Defendant avers that Count I has been dismissed pursuant to the Court's Order dated June 8, 2026 (ECF 12), so the allegations contained in this Paragraph do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations.

84. Answering erroneously numbered Paragraph 80 of the Complaint, Defendant avers that Count I has been dismissed pursuant to the Court's Order dated June 8, 2026 (ECF 12), so the allegations contained in this Paragraph do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations.

85. Answering erroneously numbered Paragraph 81 of the Complaint, Defendant avers that Count I has been dismissed pursuant to the Court's Order dated June 8, 2026 (ECF 12), so the allegations contained in this Paragraph do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations.

**COUNT II**
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Telemarketing Caller ID Class)**

86. Answering erroneously numbered Paragraph 82 of the Complaint, Defendant repeats and incorporates its responses in Paragraphs 1 through 85 above.

87. Answering erroneously numbered Paragraph 83 of the Complaint, Defendant avers that the contents of the TCPA and its implementing regulations are self-explanatory.  Except as herein admitted, Defendant denies the allegations contained in this Paragraph.

88. Answering erroneously numbered Paragraph 84 of the Complaint, Defendant avers that the contents of the TCPA and its implementing regulations are self-explanatory.  Except as herein admitted, Defendant denies the allegations contained in this Paragraph.

89. Answering erroneously numbered Paragraph 85 of the Complaint, Defendant denies the allegations.

90. Answering erroneously numbered Paragraph 86 of the Complaint, Defendant denies the allegations.

91. Answering erroneously numbered Paragraph 87 of the Complaint, Defendant denies the allegations.

92. Answering erroneously numbered Paragraph 88 of the Complaint, Defendant denies the allegations.

## COUNT III
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Internal DNC Class)

93.    Answering erroneously numbered Paragraph 89 of the Complaint, Defendant repeats and incorporates its responses in Paragraphs 1 through 92 above.

94.    Answering erroneously numbered Paragraph 90 of the Complaint, Defendant avers that Count III has been dismissed pursuant to the Court's Order dated June 8, 2026 (ECF 12), so the allegations contained in this Paragraph do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations.

95.    Answering erroneously numbered Paragraph 91 of the Complaint, Defendant avers that Count III has been dismissed pursuant to the Court's Order dated June 8, 2026 (ECF 12), so the allegations contained in this Paragraph do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations.

96.    Answering erroneously numbered Paragraph 92 of the Complaint, Defendant avers that Count III has been dismissed pursuant to the Court's Order dated June 8, 2026 (ECF 12), so the allegations contained in this Paragraph do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations.

## COUNT IV
### Violations of Texas Business and Commerce Code § 302.101
### (On Behalf of Plaintiff and the Texas Business and Commerce Code Class)

97.    Answering erroneously numbered Paragraph 93 of the Complaint, Defendant repeats and incorporates its responses in Paragraphs 1 through 96 above.

98.    Answering erroneously numbered Paragraph 94 of the Complaint, Defendant denies the allegations.

99.    Answering erroneously numbered Paragraph 95 of the Complaint, Defendant denies the allegations.

100.    Answering erroneously numbered Paragraph 96 of the Complaint, Defendant denies the allegations.

## PRAYER FOR RELIEF

101.    In response to the Prayer for Relief, Defendant denies that it violated the TCPA or any other law, denies that Plaintiff or putative class members were injured in any respect, denies that this case is suitable for class treatment, denies that Plaintiff or putative class members are entitled to any relief whatsoever, and denies each and every remaining allegation of this Paragraph.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted to Plaintiff and/or putative class members.

### SECOND AFFIRMATIVE DEFENSE

### (Failure to Join Necessary Parties)

Without admitting that Defendant placed any of the alleged calls to Plaintiff and/or putative class members, which Defendant expressly denies, Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, because Plaintiff failed to join necessary parties pursuant to Rule 19 of the Federal Rules of Civil Procedure, including but not limited to, Storm Leads, the entity who allegedly placed the alleged calls.

### THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

Without admitting that Defendant placed any of the alleged calls to Plaintiff and/or putative class members, which Defendant expressly denies, Plaintiff's and/or putative class members' claims are barred in whole or in part by the doctrine of unclean hands, to the extent Plaintiff and/or putative class members have engaged in wrongful or unfair conduct concerning the subject matter of this lawsuit, including but not limited to, by representing interest in receiving services from Defendant and affirmatively inviting calls.

### FOURTH AFFIRMATIVE DEFENSE

### (Apportionment)

Without admitting liability, any damages suffered by Plaintiff and/or putative class members as alleged in the Complaint were proximately caused by persons or entities other than Defendant and therefore any liability should be apportioned according to their relative degrees of fault, and any liability of Defendant should be reduced accordingly.

### FIFTH AFFIRMATIVE DEFENSE

### (Good Faith)

Without admitting that Defendant placed any of the alleged calls to Plaintiff and/or putative class members, which Defendant expressly denies, Defendant has, at all material times acted in good faith in an effort to comply with the TCPA and all applicable laws and regulations.  If any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct should not give rise to liability, nor should Plaintiff and/or putative class members recover treble damages. *See* 47 U.S.C. § 227(c)(5).

### SIXTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

Without admitting that Defendant placed any of the alleged calls to Plaintiff and/or putative class members, which Defendant expressly denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to any damages suffered Plaintiff and/or putative class members.

### SEVENTH AFFIRMATIVE DEFENSE

### (Supervening Cause)

Without admitting that Defendant placed any of the alleged calls to Plaintiff and/or putative class members, which Defendant expressly denies, Plaintiff's and/or putative class members' claims are barred, in whole or in part, to the extent that any injury or loss sustained by them was caused by intervening or supervening events over which Defendant had no control.

WBD (US) 4923-3212-4035                          14

## EIGHTH AFFIRMATIVE DEFENSE

### (Prior Express Consent)

Without admitting that Defendant placed any of the alleged calls to Plaintiff and/or putative class members, which Defendant expressly denies, Plaintiff's and/or putative class members' claims are barred, in whole or in part, to the extent they have provided prior express consent to receive the alleged calls.

## NINTH AFFIRMATIVE DEFENSE

### (Due Process)

Without admitting that Defendant is liable for any of the alleged calls to Plaintiff and/or putative class members, which Defendant expressly denies, Defendant avers that the imposition of an award of statutory damages against Defendant for each of the alleged violations of the TCPA would violate the prohibition against excessive fines of the United States Constitution.  *See St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919).

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Without admitting that Defendant placed any of the alleged calls to Plaintiff and/or putative class members, which Defendant expressly denies, Plaintiff's and/or putative class members' claims are barred, in whole or in part, to the extent they have failed to take reasonable steps to mitigate any alleged damages that they may have, including but not limited to, by failing to inform the alleged callers that they do not wish to receive further calls.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

Without admitting that Defendant placed any of the alleged calls to Plaintiff and/or putative class members, which Defendant expressly denies, Plaintiff and the putative class members have waived their rights, if any, to recover the relief they seek in the Complaint based upon their own conduct and admissions.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Telemarketing Purpose)

Without admitting that Defendant placed any of the alleged calls to Plaintiff and/or putative class members, which Defendant expressly denies, Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, because the alleged telephone calls were not made for a telemarketing purpose as required under 47 C.F.R. § 64.1601(e)(1) and Texas Business & Commerce Code § 302.101.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Willful or Knowing Conduct)

Without admitting that Defendant placed any of the alleged calls to Plaintiff and/or putative class members, which Defendant expressly denies, any alleged conduct by Defendant was neither willful nor knowing, and such conduct should not give rise to liability, nor should Plaintiff and/or putative class members recover treble damages. *See* 47 U.S.C. § 227(c)(5).

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Not a "Seller" Under Tex. Bus. Comm. Code § 302.101)

Plaintiff's claims and the claims of the putative class members under Texas Business & Commerce Code § 302.101 are barred, in whole or in part, because Defendant—who did not place the alleged calls—is not a "seller" subject to the registration requirement under Texas Business & Commerce Code § 302.101(a).  *See also* Tex. Bus. Comm. Code § 302.001(5) (defining a "seller" as "a person who makes a telephone solicitation on the person's own behalf").

## FIFTEENTH AFFIRMATIVE DEFENSE

### ("Sales Presentation" Exemption)

Without admitting that Defendant placed any of the alleged calls to Plaintiff and/or putative class members, which Defendant expressly denies, Plaintiff's claims and the claims of the putative class members under Texas Business & Commerce Code § 302.101 are barred, in whole or in part, because the alleged calls are exempt from the Texas registration requirement pursuant to the "sales presentation" exemption under Texas Business & Commerce Code § 302.059.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (No Private Right of Action Under Texas Law)

Without admitting that Defendant placed any of the alleged calls to Plaintiff and/or putative class members, which Defendant expressly denies, Plaintiff's claims and the claims of the putative class members under Texas Business & Commerce Code § 302.101 are barred, in whole or in part, because there is no private right of action for civil penalties for alleged violations of the statute.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Not Placed From or Received In Texas)

Without admitting that Defendant placed any of the alleged calls to Plaintiff and/or putative class members, which Defendant expressly denies, Plaintiff's claims and the claims of the putative class members under Texas Business & Commerce Code § 302.101 are barred, in whole or in part, to the extent the alleged calls were neither placed from nor received in Texas, as required by the statute.  *See* Tex. Bus. Comm. Code § 302.101.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Without admitting that Defendant placed any of the alleged calls to Plaintiff and/or putative class members, which Defendant expressly denies, Plaintiff's claims and the claims of the putative class members under Texas Business & Commerce Code § 302.101 are barred, in whole or in part, by the two-year statute of limitations applicable to such claims.  *See* Tex. Bus. Comm. Code § 17.565 (two-year limitations period for actions under the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. Comm. Code §§ 17.41 – 17.63—the exclusive source of a private right of action based on alleged violations of the Texas registration requirement); *see also* Tex. Civ. Prac. & Rem. Code § 16.003; *see also Nguyen v. Watts*, 605 S.W.3d 761, 780-81 (Tex.App.2020) (where no statute of limitations expressly applies to a tort claim, it is considered a "trespass" for limitations purposes and the two-year limitations period applies).

## NINETEENTH AFFIRMATIVE DEFENSE

### (Seller Information In Lieu of CPN or ANI)

Without admitting that Defendant placed any of the alleged calls to Plaintiff and/or putative class members, which Defendant expressly denies, Plaintiff's claims and the claims of the putative class members under 47 C.F.R. § 64.1601(e) are barred, in whole or in part, because the alleged callers provided Defendant's company name and customer service telephone number, in lieu of CPN or ANI information. *See* 47 C.F.R. § 64.1601(e) ("It shall not be a violation of this paragraph to substitute (for the name and phone number used in, or billed for, making the call) the name of the seller on behalf of which the telemarketing call is placed and the seller's customer service telephone number").

**Dated**: July 16, 2026

Respectfully Submitted,

**WOMBLE BOND DICKINSON (US) LLP**

By:  */s/ R. Kyle Hawes*
        R. Kyle Hawes
        State Bar No. 00796725
        717 Texas Avenue, Suite 2100
        Houston, Texas 77002
        Telephone: (346) 998-7821
        Facsimile: (346) 998-5901
        Email: kyle.hawes@wbd-us.com

**ATTORNEYS FOR DEFENDANT
HOMEOVER GENERAL
CONTRACTORS, LLC**

WBD (US) 4923-3212-4035                    18

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to all known counsel in this cause in accordance with the Federal Rules of Civil Procedure on this 16th day of July 2026.

/s/ R. Kyle Hawes
R. Kyle Hawes