**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **KIMBERLY STARLING,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**HOMEOVER GENERAL CONTRACTORS, LLC**<br><br>**and**<br><br>**"STORM LEADS INNOVATION"**<br><br>*Defendants.* | Case No. 4:25-cv-993<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**REPORT REGARDING CONTENTS OF SCHEDULING ORDER**

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f) and the Court's Order Governing Proceedings (ECF No. 16), Plaintiff Kimberly Starling ("Plaintiff") and Defendant HomeOver General Contractors, LLC ("HomeOver" or "Defendant") (together, the "Parties") submit this Report Regarding Contents of Scheduling Order ("Joint Report").

Lead counsel for the Parties conducted the Scheduling Conference required by Paragraph I of the Order Governing Proceedings by telephone on August 30, 2026. Andrew Roman Perrong participated on behalf of Plaintiff. Tomio Narita and Michelle Catapang participated on behalf of HomeOver. During the conference, counsel considered the nature and basis of the claims and defenses, discussed the possibilities for prompt resolution of the case, addressed the disclosures required by Rule 26(a)(1), and prepared this Joint Report.

The remaining named Defendant, "Storm Leads Innovation," did not participate in the Scheduling Conference. Storm Leads Innovation has not been served, has not appeared, and is not represented by counsel of record. See Paragraph 15 below.

The Rule 16 Pretrial Conference is set for September 4, 2026 at 10:00 a.m. The Parties address each of the fifteen subjects identified in Paragraph II of the Order Governing Proceedings in the correspondingly numbered paragraphs below.

**(1) A brief statement of the claims and defenses.**

Plaintiff's statement:

Plaintiff filed this putative class action on September 9, 2025, asserting four counts: Count I (National Do Not Call Registry, 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2)); Count II (telemarketing caller identification, 47 C.F.R. § 64.1601(e)(1), enforced through 47 U.S.C. § 227(c)(5)); Count III (internal do-not-call list, 47 C.F.R. § 64.1200(d)); and Count IV (Tex. Bus. & Com. Code § 302.101). By Memorandum Opinion and Order dated June 8, 2026 (ECF No. 12), the Court granted HomeOver's Rule 12(b)(6) motion as to Counts I and III and dismissed those counts without prejudice, and denied the motion in all other respects. Counts II and IV therefore remain pending, as do the corresponding Telemarketing Caller ID Class and Texas Business and Commerce Code Class. HomeOver answered on July 16, 2026 (ECF No. 15).

Plaintiff alleges that between November 16, 2021 and June 6, 2022 she received a series of telemarketing calls to her residential cellular number and her residential landline number, soliciting the purchase of roof inspection and roof replacement services. Plaintiff alleges the calls were placed by Storm Leads Innovation and that HomeOver is vicariously liable for them under federal common law agency principles, including ratification, a theory the Court held adequately pleaded (ECF No. 12 at 5–7). As to Count II, Plaintiff alleges that the calls transmitted spoofed

calling party numbers whose CNAM records returned unrelated names or bare geographic locations ("JOSEPH,DIVYA," "KELLER TX," "TERRELL, TX," and "FORT WORTH TX"), rather than the name of the telemarketer or the seller, and did not transmit a CPN or ANI that would permit a called party to make a do-not-call request during regular business hours, in violation of 47 C.F.R. § 64.1601(e)(1). As to Count IV, Plaintiff alleges that HomeOver made telephone solicitations to a purchaser located in Texas without holding the registration certificate required by Tex. Bus. & Com. Code § 302.101. Plaintiff seeks statutory damages under 47 U.S.C. § 227(c)(5), trebled for willful or knowing violations; the civil penalty provided by Tex. Bus. & Com. Code § 302.302; injunctive relief; and certification of the two remaining Classes.

HomeOver's statement:

HomeOver denies that it violated the TCPA or any other law, denies that Plaintiff or any putative class member was injured, and denies that this case is suitable for class treatment. HomeOver did not initiate or place any of the calls at issue. As alleged in the Complaint, the calls were placed by Storm Leads Innovation. HomeOver intends to establish through discovery that it is not vicariously liable for Storm Leads' conduct under any theory of agency, including ratification.

HomeOver's principal defenses on the surviving counts are as follows:

As to **Count II** (Caller ID, 47 C.F.R. § 64.1601(e)(1)), HomeOver denies that the calls constituted "telemarketing" within the meaning of the applicable regulations. HomeOver further asserts that 47 C.F.R. § 64.1601(e) provides a complete safe harbor for any caller that substitutes the seller's name and customer service telephone number for CPN or ANI information. HomeOver also disputes that it is vicariously liable for the caller identification practices of Storm Leads Innovation, the entity that allegedly placed the calls.

As to **Count IV** (Tex. Bus. & Com. Code § 302.101), HomeOver denies that the calls constituted "telephone solicitations" within the meaning of that statute, and denies that Texas' registration requirement applies to the facts alleged. HomeOver's principal defenses include: (i) HomeOver did not place the calls and is not a "seller" subject to § 302.101 under the definition set forth in Tex. Bus. & Com. Code § 302.001(5), which requires that the seller make the solicitation on its own behalf; (ii) the alleged calls, to the extent made at all, fall within the "sales presentation" exemption of Tex. Bus. & Com. Code § 302.059; (iii) Plaintiff has no private right of action for the $5,000 civil penalties she seeks under § 302.302, which authorizes the Texas Attorney General — not private litigants — to seek such penalties; and (iv) Plaintiff's claims under Count IV are barred in whole or in part by the two-year statute of limitations applicable under the DTPA, Tex. Bus. & Com. Code §§ 17.41–17.63. HomeOver reserves all affirmative defenses set forth in its Answer (ECF No. 15) and does not waive any defense by virtue of this statement.

**(2) The jurisdictional basis for the suit.**

The Court has federal question jurisdiction over Counts I through III under 28 U.S.C. § 1331, because those claims arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227. The Court has supplemental jurisdiction over Count IV's state law claims under 28 U.S.C. § 1367(a) because that claim arises from the same telephone calls and forms part of the same case or controversy.

The Parties do not assert that 28 U.S.C. § 1332(a) supplies a basis for jurisdiction, and accordingly the statement of each party's citizenship called for by Paragraph II(2) of the Order Governing Proceedings is not required. No party contests subject matter jurisdiction, personal jurisdiction, or venue. Venue is proper under 28 U.S.C. § 1391(b)(1).

**(3) The existence of any related cases and the appropriateness of consolidation.**

The Parties are not aware of any related case pending before this Court, any other federal or state court, or any administrative body, within the meaning of Local Rule CV-42. No consolidation is warranted at this time. Each Party will promptly notify the Court if it becomes aware of a related action.

**(4) Whether the parties expect to provide expert reports under Rule 26(a)(2) and conduct expert discovery.**

Yes. Both Parties expect to serve disclosures and written reports under Rule 26(a)(2) and to conduct expert discovery. Plaintiff anticipates retaining one or more experts to address: (i) the telecommunications and carrier records associated with the calling numbers at issue, including whether CPN or ANI was transmitted, whether CNAM was available from the originating carriers, and what caller identification information those carriers delivered; (ii) the collection, processing, and analysis of call detail records and platform data for purposes of identifying members of the proposed Classes and establishing that the Rule 23 requirements are satisfied; and (iii) if necessary, damages.

HomeOver anticipates retaining one or more experts to address: (i) the telecommunications and carrier records associated with the calling numbers at issue, including whether the caller identification information transmitted with the alleged calls fell within the safe harbor provided by 47 C.F.R. § 64.1601(e), and whether CPN or ANI was available from the originating carriers; and (ii) the ascertainability of the proposed Classes and whether the requirements of Rule 23 can be satisfied in the absence of call records from Storm Leads Innovation or the carriers identified in the Complaint.

**(5) A proposed plan and schedule for discovery, the subjects on which discovery may be needed, estimated time to complete fact and expert discovery, and whether discovery should be phased.**

***Subjects on which Plaintiff may seek discovery.*** Plaintiff anticipates seeking discovery concerning:

- The ownership, registration, and provisioning of the telephone numbers used to place the calls at issue.
- The caller identification information transmitted with the calls, including CPN, ANI, and CNAM records; the availability of CNAM service from the originating and terminating carriers; and any use of spoofed or substituted caller identification.
- The relationship between HomeOver and Storm Leads Innovation, including all contracts, lead purchase agreements, invoices, payments, scripts, onboarding and compliance materials, and communications.
- HomeOver's relationships with any other vendor, lead generator, dialer platform, or marketing agency used to generate customers by telephone during the class period.
- HomeOver's knowledge of, and response to, Plaintiff's November 17, 2021 email to Josh Nelson and the subsequent calls, including any investigation, audit, suspension, or termination of Storm Leads Innovation.
- Call detail records, lead records, appointment records, and CRM data sufficient to identify members of the proposed Telemarketing Caller ID Class and Texas Business and Commerce Code Class.
- HomeOver's do not call, caller identification, and telemarketing compliance policies, procedures, training, and vendor oversight practices.
- HomeOver's and Storm Lead's registration status (or absence of registration) with the Texas Secretary of State under Tex. Bus. & Com. Code ch. 302, and the business locations from which telephone solicitations were made.
- Information bearing on HomeOver's affirmative defenses, including consent, the claimed § 302.059 exemption, the claimed substitution of seller name and customer service number under § 64.1601(e), and good faith.
- Corporate structure, revenue attributable to telemarketed leads, and net worth to the extent relevant to willfulness, deterrence, and injunctive relief.

***Subjects on which HomeOver may seek discovery include the following:***

- The telephone numbers at issue, including registration on the National Do Not Call Registry and the basis for Plaintiff's allegation that the numbers are "residential."
- All recordings, notes, and communications relating to the calls described in the Complaint.

- Plaintiff's prior interactions with HomeOver or Storm Leads, including any consent, invitation, or established business relationship.
- Plaintiff's history of TCPA litigation, including any prior settlements or judgments, to the extent relevant to any defense raised in this action.
- The identity, corporate structure, and business practices of Storm Leads Innovation.

***Estimated time to complete discovery.***

Plaintiff's position: Plaintiff proposes that fact discovery close on March 19, 2027, approximately six and one-half months after entry of the Scheduling Order, and that expert discovery close on June 18, 2027. Plaintiff believe this period is necessary because the discovery in this case will require third-party discovery directed to Storm Leads Innovation and to at least four telecommunications carriers, and because class certification discovery will require the production and analysis of structured calling data. Plaintiff opposes the proposed bifurcation, particularly after the Court's decision on Defendant HomeOver's Motion to Dismiss. Bifurcation in TCPA actions is often burdensome and counterproductive, leading to unnecessary discovery disputes as to the appropriate discovery in each phase, in addition to the risk that relevant information, especially those in possession of third parties, may eventually become lost or destroyed. Moreover, almost all of the issues that HomeOver has identified as needing discovery on will apply just as equally to the Plaintiff's individual claims as the class's claims. Plaintiff intends to oppose Defendant's contemplated bifurcation motion described in the next section.

Defendant's position: HomeOver proposes that discovery be bifurcated into two phases, with Phase 1 discovery limited to issues relevant to Plaintiff's individual claims against Defendant, and if the case is not resolved following Phase 1 summary judgment motions, class-related discovery may proceed in Phase 2. Bifurcation on this basis is appropriate because: (i) Phase 1 individual-claims discovery may resolve threshold standing and liability questions that

would moot the need for class proceedings altogether, avoiding the substantial burden and expense of class discovery in a case where no class may ultimately be certified; (ii) bifurcation will also afford Plaintiff additional time to locate and serve Storm Leads Innovation and to obtain its call records, while permitting the Parties to proceed in the interim with focused discovery on Plaintiff's individual claims; and (iii) bifurcation into individual and class phases is consistent with the approach courts in this Circuit and elsewhere have adopted in TCPA class actions.

***Proposed schedule.***

Plaintiff's position: The Plaintiff's proposed deadlines are set out in the Proposed Scheduling Order submitted herewith. The Plaintiff has proposed deadlines through trial in accordance with Paragraph IV of the Order Governing Proceedings. The Plaintiff respectfully notes, however, that the shape of any trial in this case will depend on whether one or more Classes are certified, and the Plaintiff is prepared to confer and submit an amended proposed schedule within thirty days after the Court rules on class certification should the Court prefer to set post-certification deadlines at that time.

Defendant's position: Defendant's proposed schedule is attached as Exhibit 2, consistent with the phased discovery approach described above. Unless the Court orders bifurcation at the Scheduling Conference, Defendant intends to file a Motion for Bifurcation, and requests that the Court stay discovery and defer entry of a Scheduling Order until the Court rules on that motion. Regardless, Plaintiff's proposed schedule is not feasible because assuming Plaintiff is able to serve Storm Leads Innovation by Plaintiff's proposed deadline of October 23, 2026, additional time is needed to allow Storm Leads to appear in the case and possibly resolve any pleading

challenges by Storm Leads, leaving the Parties insufficient time to complete fact class-wide discovery by Plaintiff's proposed deadline of March 19, 2027.

**(6) Whether document production should proceed by requests for production or mandatory disclosure.**

The Parties agree that document production should proceed by requests for production under Federal Rule of Civil Procedure 34 rather than by mandatory disclosure. The Parties further agree that no authorizations under Local Rule CV-34 are necessary in this action, which does not place any party's medical, employment, or educational records at issue.

**(7) Any proposed changes to the discovery limitations imposed by the Federal Rules, the Local Rules, and any other discovery limitations.**

The Parties do not presently propose any change to the presumptive limits of Rules 30, 31, 33, and 36, and propose that those limits apply per side. The Parties agree that depositions of third parties taken by subpoena under Rule 45 will count against the deposing side's deposition limit. The Parties recognize that the number of depositions and interrogatories reasonably necessary may increase depending on the number of vendors and carriers identified in discovery, and agree to confer in good faith before either side seeks relief from these limits from the Court. The Parties further agree to accept service of discovery requests, responses, and correspondence by electronic mail, and that service by electronic mail is complete on transmission.

**(8) Proposed means for disclosure or discovery of electronically stored information, and any disputes regarding ESI.**

The Parties have discussed the disclosure and discovery of electronically stored information and report no disputes at this time. The Parties agree to confer and to submit a

stipulated ESI protocol, or to advise the Court of any disagreement, at an appropriate time. The Parties have taken reasonable and proportionate steps to preserve electronically stored information relevant to the claims and defenses in this action, and each Party has issued litigation hold instructions.

**(9) Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order.**

The Parties agree that discovery in this action will involve the production of confidential, commercially sensitive, and personally identifiable information, including the telephone numbers and contact information of other individuals, as well as of Plaintiff. The Parties therefore plan to submit a stipulated protective order under Rule 26(c), substantially in the form of this Court's model protective order. The Parties request that the protective order include a non-waiver provision under Federal Rule of Evidence 502(d), so that the production of privileged or work-product material, whether inadvertent or otherwise, does not operate as a waiver in this or any other proceeding. The Parties further agree that no party need log any privileged communication or work product created on or after the date this action was filed, and that privilege logs shall otherwise be served within thirty days after service of the written responses to which they relate.

**(10) Objections to Rule 26(a)(1) disclosures asserted at the Scheduling Conference, and other proposed modifications to the timing, form, or requirement for Rule 26(a) disclosures, including when Rule 26(a)(1) disclosures were or will be made.**

No Party asserted an objection to disclosure under Rule 26(a)(1)(C) at the Scheduling Conference, and this action is not exempt under Rule 26(a)(1)(B). HomeOver served its Rule 26(a)(1) initial disclosures on August 13, 2026. Plaintiff served her Rule 26(a)(1) initial

disclosures on August 13, 2026. The Parties propose no modification to the timing, form, or requirements of Rule 26(a) disclosures, and will supplement as required by Rule 26(e).

**(11) The Parties' position on mediation or arbitration.**

*Whether mediation or arbitration would be helpful.* The Parties agree that mediation would be helpful and do not ask to be excused from mediating. No arbitration agreement governs any claim in this action, and the Parties do not propose arbitration.

*Phase of the case when mediation would be most effective.* The Parties agree that mediation would be most effective after some initial fact discovery has been conducted and approaching briefing toward class certification, when the Parties will have the calling and other data necessary to evaluate classwide exposure. The Parties propose that mediation be completed on or before July 16, 2027, and that they file a joint notice identifying the mediator on or before April 16, 2027. The Parties will nonetheless remain open to earlier discussions if circumstances warrant.

*Preferred mediator.* Plaintiff prefers to mediate with a private mediator at the Parties' own expense, and will confer on the selection of a mediator experienced in TCPA class litigation. Defendant prefers a court-appointed mediator experienced in TCPA class litigation.

**(12) Status report on settlement negotiations.**

The Parties have not engaged in substantive settlement negotiations to date, and no offer or demand is presently outstanding. Counsel discussed the possibility of early resolution at the Scheduling Conference and agreed to revisit the subject after the Parties exchange written discovery.

**(13) Any other proposals regarding scheduling and discovery that the Parties believe will facilitate expeditious and orderly preparation for trial.**

The Parties propose that (i) any motion for leave to amend the pleadings or to join additional parties be filed on or before October 23, 2026; (ii) the Parties exchange written offers of settlement and responses at least fifteen days before any scheduled mediation, which shall remain private and shall not be filed or disclosed to the Court; (iii) objections under Federal Rule of Evidence 702 be made by motion within thirty days after receipt of the expert's report or within thirty days after the expert's deposition, whichever is later, subject to the deadline for expert discovery; and (iv) the Parties confer under Local Rule CV-7(h) before filing any discovery motion. The Parties further agree to exchange courtesy copies of all subpoenas issued under Rule 45 at the time of issuance.

**(14) Whether a conference with the Court is desired.**

The Parties will appear at the Rule 16 Pretrial Conference set for September 4, 2026 and do not request any additional conference at this time.

**(15) Any other matters relevant to the status and disposition of this case, including other orders the Parties propose under Rules 16(b), 16(c), and 26(c).**

***Defendant Storm Leads Innovation.*** "Storm Leads Innovation" was named in the Complaint but has not been served, has not appeared, and did not participate in the Scheduling Conference. Plaintiff alleges that it does not appear to be a registered or cognizable legal entity in any jurisdiction. HomeOver's initial disclosures identify a last known contact for Storm Leads Innovation. Plaintiff is currently investigating this contact and intends to seek leave of court to serve Storm Leads Innovation with a late summons and complaint. Plaintiff proposes that Plaintiff's deadline to serve Storm Leads Innovation be aligned with the deadline to amend

pleadings and join parties. In the event that Plaintiff fails to serve Storm Leads Innovation, HomeOver anticipates bringing a Motion to Dismiss for Failure to Join Indispensable Party under Rule 19.

***Counts I and III.*** The Court dismissed Counts I and III without prejudice on June 8, 2026. Plaintiff has not determined whether she will seek leave to replead either count and, if she does, will do so by the deadline to amend the pleadings set in the Scheduling Order.

***Trial and jury demand.*** Plaintiff has demanded a trial by jury under Rule 38(b). The Parties estimate that trial of Plaintiff's individual claims would require approximately three to four court days. If one or more Classes are certified, the Parties anticipate that additional trial time will be required and will confer and advise the Court following the Court's ruling on class certification. The Parties do not consent to trial before a United States Magistrate Judge under 28 U.S.C. § 636(c).

***Signatures.*** At least one counsel for each appearing party has signed this Joint Report as required by Paragraph III of the Order Governing Proceedings.

*By: /s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PERRONG LAW LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: (215) 225-5529
a@perronglaw.com

Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

**ATTORNEYS FOR PLAINTIFF**

*By: /s/ R. Kyle Hawes*
R. Kyle Hawes (With Permission)
State Bar No. 00796725
WOMBLE BOND DICKINSON (US) LLP
717 Texas Avenue, Suite 2100
Houston, Texas 77002
Telephone: (346) 998-7821
kyle.hawes@wbd-us.com

**ATTORNEYS FOR DEFENDANT HOMEOVER GENERAL CONTRACTORS, LLC**